### BURNS v. SOUTHERN RY. CO.

1. NONSUIT.—ON APPEAL from order of nonsuit only those grounds urged in motion can be considered.

2. IBID.—NEGLIGENCE—RAILROADS.—Where a complaint alleges acts making out either statutory or common law negligence, a nonsuit should not be granted if there be evidence tending to show either. Under such complaint, there being evidence tending to show that defendant stopped its train across a public way in a town longer than permitted by ordinance, that it started its train from across a public way without giving statutory signal, and without giving warning to those it caused by its obstruction of the way to pass over its bumpers on its freight cars to reach a passenger train, nonsuit should not have been granted, as those facts show both statutory and common law negligence.

3. IBID.—JURY.—If there be evidence of negligence by plaintiff and by defendant, case must go to the jury.

4. AMENDING PLEADINGS.—Under facts here it was error not to permit plaintiff on motion to amend his complaint by alleging that accident occurred at a street, highway or traveled place.

Before ALDRICH, J., Oconee. Reversed.

Action for damages for personal injury by reason of alleged negligence of defendant by W. L. Burns against Southern Railway Co. From judgment of nonsuit plaintiff appeals.

*Mr. J. R. Earle,* for appellant, cites: *Plaintiff had the right to pass over defendant's train if it blocked his passage:* 49 S. C., 12; 11 S. E. R., 455. *Public having been invited to travel this way to defendant's depot, it was traveled place:* 59 S. C., 429.

*Mr. T. P. Cothran,* contra, cites: *This Court will not con-*

*sider reasons given by Circuit Judge in passing on motion for nonsuit:* 58 S. C., 70.   *Depot yard is not a "traveled" place:* 34 S. C., 292.

August 20, 1901.   The opinion of the Court was delivered by

MR. JUSTICE GARY.   This is an action for damages for injury to the plaintiff in consequence of alleged negligence on the part of the defendant.   The allegations of the complaint material to the questions presented by the exceptions are as follows:

"II. That on the 6th day of April, 1899, the defendant corporation negligently and unlawfully allowed one of its trains, consisting of a locomotive and a number of freight cars, in charge of its authorized agents, to stop for a considerable and unreasonable time, about twenty minutes, across one of the public streets or crossings of the town of Seneca, in the county and State aforesaid, to the great inconvenience and annoyance, and in violation of the rights of the public and in violation of the ordinances of said town, thus completely blockading the said street or crossing which leads from the business portion of said town to the passenger landing of the Blue Ridge Railroad, across the track of said defendant, during which time the passenger train on the Blue Ridge Railroad had arrived and was due to depart.

"III. That on said day, plaintiff was accompanying and assisting his son off to his command, who had purchased a ticket and was to take the Blue Ridge Railroad train at this point; that waiting for a considerable time and no opening being made in said freight train through which persons might pass, and said passenger train being due to depart, the way being thus blockaded for a great distance either way, persons were, therefore, compelled to cross said freight train in going to and from said passenger train by going over the bumpers, and a number of persons did so, and plaintiff's son crossed said train as aforesaid, and plaintiff immediately following him attempted to cross said freight train, which

was at the time standing motionless across said street or crossing; that while plaintiff was in act of crossing between two of said freight cars, without any notice or warning, without the sound of a whistle or the ringing of a bell on said locomotive, the defendant company, through its agents and servants then and there in charge of said train, negligently, recklessly and unlawfully caused said train of cars to move rapidly and suddenly, and thereby caught plaintiff's foot between two of said cars and so mangled and crushed it as to necessitate its being amputated, all of which was grossly negligent, reckless and unlawful on the part of the said defendant corporation."

The defendant answered the complaint denying its allegations, and setting up contributory negligence as a defense. At the close of the plaintiff's testimony, the defendant made a motion for a nonsuit, on the grounds: 1st, that the plaintiff had failed to adduce any evidence tending to establish negligence on the part of the railroad company; and 2d, that the evidence on the part of the plaintiff shows a state of facts from which only one inference could be drawn, and that is that the plaintiff was guilty of negligence himself.

The motion was granted, and the plaintiff appealed upon exceptions, the first, second, third, fourth and sixth of which are as follows:

"I. That his Honor erred in holding, 'It first becomes necessary to determine whether this action has reference to the sections of the revised statutes 1685 and 1692, or as we commonly say, whether it is an action under the statute or under the common law. I hold that it is an action under the statute, using that expression in its ordinary sense; or, in other words, that it is an action for injuring the plaintiff at a street or crossing of the Southern Railway track. It is needless for me to read these sections, 1685 and 1692. They are intended for travelers or persons desiring to cross a highway, street or traveled place, and if one is not traveling or attempting to cross the street or highway, in the sense of the statute, and is injured, and it appears the sounding of

bell or blowing of the whistle—that those signals were not given as required by the statute—that a person cannot rely upon these statutes as supporting a case other than is provided; so that the question comes up right now : is there any testimony here tending to show that the plaintiff was injured by the railway company upon a public highway, street or traveled place, or while attempting to cross the railroad track along a street or public highway or traveled place; and if there is, I must let it go to the jury; and if there is no such testimony, then the action must fail.    I listened to the testimony, and so far from sustaining the view that the plaintiff was injured at a street or highway or traveled place, he was not injured there, he was injured at another place; he didn't go on the train at a street or traveled place, he got on below it and was injured there, and, therefore, there is no testimony to go to the jury on that line; and on that line I think the defendant is entitled to the nonsuit;' but should have held, that if this is to be regarded as an action under the statute, then there is testimony tending to show that a street crossed the track of the defendant company at the place, and the public had an equal right to use of it with the defendant company, and the defendant had so blockaded and obstructed it for an unreasonable time that the public was deprived of the use of it; and if this be the facts, a passenger, whose occasion requires it, would have the right to make reasonable use of the defendant's property, without injury to it, to overcome such obstruction for the sole purpose of crossing the railway track; and it would be estopped from saying that such person was a trespasser, if he deviated from the line of the street or highway in making a reasonable use of its property for the sole purpose of crossing its track.

"II. That his Honor erred in holding, 'Now, if there is sufficient allegations in the complaint to sustain it at common law, then I fail to see wherein the railroad company has been proven to have been guilty of actionable negligence.    It was in the railroad yard there, and the testimony of the plaintiff shows that this street, or what had been the

street, had been surrendered as part of its yard. The testimony does not show that the railroad company was doing anything more in its yard, or was guilty of any negligence in moving its train backwards and forwards in the yard.' But should have held, that there is testimony tending to show that this is the only street or passage way from the business portion of the town to the passenger landing of the Blue Ridge Railroad; that it was being used as such upon this occasion by the plaintiff until he came in contact with the obstruction placed across it by the defendant, and was compelled, in order to continue his lawful passage, to make a reasonable use of the defendant's property; that such obstruction during the arrival or departure of a passenger train, whose passengers must cross this way going to and from, was grossly negligent and actionable.

"III. That his Honor erred in holding, 'I must assume that the railroad company had the right to move its cars in the railroad yard, and the motion for a nonsuit is granted;' but should have held that while there is testimony tending to show that the defendant had been using this crossing in part as a yard for the last eight or ten years, yet that could not give it the exclusive right to occupy or use it, and there is no testimony tending to show that the public had ever relinquished its rights or acquiesced in the exclusive occupation of the defendant, and a person whose occasion requires him to pass there, has as high a right as the defendant.

"IV. That his Honor erred in not holding that there is testimony tending to show that the plaintiff was injured at a crossing of a highway, street or traveled place, and that no signals as required by law were given by the defendant, and in refusing to submit the case to the jury.

"VI. That his Honor erred in granting the order of nonsuit, and not allowing the facts to be passed upon by the jury."

Rule XVIII. of the Circuit Court provides that "a motion for a nonsuit must be reduced to writing by the moving counsel, or by the stenographer, under the direction of the

Court, stating the grounds of the motion." The first ground of the motion for nonsuit rests solely upon the alleged fact that the plaintiff had failed to adduce any evidence tending to establish *negligence.* Under the rule of Court, no other grounds than those upon which the motion was made can be considered.

There are allegations in the complaint appropriate both to an action under the statute and to an action at common law. The right to bring an action at common law was not superseded by the statutory remedy. *Kaminitsky* v. *R. R. Co.,* 25 S. C., 53; *Spires* v. *R. R. Co.,* 47 S. C., 28. The defendant did not make a motion that the plaintiff be required to elect upon which cause of action he would proceed to trial. Therefore, a nonsuit should not have been granted, if there was any testimony tending to show negligence either under the statute or at common law. *Cartin* v. *R. R.,* 43 S. C., 221. The plaintiff introduced in evidence the following ordinance of the town of Seneca, to wit: "That any person or persons obstructing the public crossings with cars, engines or trains, longer than ten minutes at a time, shall be deemed guilty of a misdemeanor, and fined or imprisoned at the discretion of the council." The evidence tended to show that the defendant obstructed the crossing for a longer period than ten minutes, and that its conduct was, therefore, in violation of law. If the defendant kept its train of cars standing at a crossing contrary to law, this was evidence of negligence, and that it was a trespasser. *Littlejohn* v. *R. R.,* 49 S. C., 12. Sec. 1685 of the Rev. Stat. also makes it negligence for the railroad company not to give the following warning: "If an engine or cars shall be at a standstill within a less distance than one hundred rods of such crossing, the bell shall be rung or the whistle sounded for at least thirty seconds, before the engine shall be moved, and shall be kept ringing or sounding until the engine shall have crossed such public highway or street or traveled place." In commenting on this provision of the statute, the Court, in *Littlejohn* v. *R. R. Co., supra,* says:

"At the time when the plaintiff went between the cars for the purpose of crossing the track, the train was at a standstill, and obstructed the crossing. It was, therefore, the plainly expressed duty of the defendant, before moving the engine, to ring the bell or sound the whistle for at least thirty seconds." Being its duty, it was negligence to fail to discharge it. Apart from the evidence of negligence arising from the violation of the ordinance and the statutory requirements, there was evidence of negligence at common law by reason of the failure to give warning to those who were forced by its conduct to climb over the bumpers to reach the Blue Ridge landing; also by reason of the fact that the defendant obstructed the crossing for an unreasonable length of time. Under the authority of *Mason* v. *Ry. Co.,* 58 S. C., 70, it is not necessary to discuss the reasons assigned by his Honor, the presiding Judge, in granting the order of nonsuit. We may say, however, that there was evidence tending to show that there was a street crossing the railroad, which was obstructed by the defendant's train of cars. It was the thoroughfare from the business portion of the town to the Blue Ridge landing for those on foot, and for wagons until they reached the wooden curbing around the depot. The defendant knew that it was traveled by the public and acquiesced in its use. Those getting on board and those alighting from the Blue Ridge trains had of necessity to pass over this crossing. The public had the right to use the crossing. The facts in the case of *Hale* v. *R. R. Co.,* 34 S. C., 292, upon which the respondent relies, were materially different from those in this case.

The Circuit Judge did not rule upon the second ground of the motion for a nonsuit, but it would have been error to have sustained it, as we have shown that there was evidence of negligence on the part of the defendant; and even if there was evidence of negligence by the plaintiff, a nonsuit would not be proper. This case would have to be submitted to the jury.

The fifth exception is as follows: "V. That his Honor

erred in not allowing plaintiff to so amend his com-
plaint as to allege that the accident occurred at a
crossing of a street, highway or traveled place."
Under all the facts of this case, the amendment should have
been allowed.

It is the judgment of this Court, that the judgment of
the Circuit Court be reversed, and the case remanded to that
Court for a new trial.