### MOUNTCASTLE v. A. C. L. R. CO.

#### (114 S. E., 631)

RAILROADS—NEGLIGENCE AND CONTRIBUTORY NEGLIGENCE FOR JURY.—In an action against a railroad company for injuries to another company's employee, struck by defendant's train, at a place employees were in the habit of crossing a track to go to a signal tower, evidence on the issues of negligence and contributory negligence *held* for the jury.

Before TOWNSEND, J., Charleston, October, 1921.   Affirmed.

Action by John T. Mountcastle against the Atlantic Coast Line Railroad Company, a corporation, and another.   Judgment for plaintiff, and defendants appeal.   Affirmed.

*Messrs. Rutledge, Hyde & Mann,* for appellants, cite: *One crossing railroad track where there is no crossing with knowledge, is guilty of contributory negligence that will prevent recovery:* 20 R. C. L., 108; 30 Am. Rep., 371; 122 U. S., 199; 147 U. S., 238.   *Failure to give signals must*

*be proximate cause:* 95 S. C., 208; 78 S. C., 374; 36 S. C., 444; 94 S. C., 143; 106 S. C.; 123. *And traveler must exercise reasonable care:* 181 Fed., 799; 174 U. S., 379; 166 Fed., 271.

*Messrs. W. P. Tillinghast and Wm. Henry Parker,* for respondent, cite: *Weight to be given to views of trial Judge:* 75 S. C., 512. *Conflict of testimony was for the jury:* 80 S. C., 7; 76 S. C., 320; 106 S. C., 123.

October 9, 1922.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

Near the City of Charleston there is a place where the Atlantic Coast Line Railroad Company and the Southern Railway each have double tracks. On the Coast Line side there is what is known as a connection tower, used jointly by the two railroad companies, to give out instructions to employees and for giving the correct time. The plaintiff was a switchman on a Southern engine that was stopped by a red signal near the tower. The plaintiff, the evening before the accident, borrowed a lantern from some one in the tower and, as his engine was waiting permission to continue on its way, took up the lantern to return it. A long freight train was moving south on the Coast Line track. As the plaintiff was crossing the north-bound track he was struck by a train moving north on that track. On the trial of the case the defendants moved for a non-suit and the direction of a verdict. Both motions were refused. The judgment was for the plaintiff, and the defendants appealed.

There is really only one question in the case, to wit: Was there any evidence to go to the jury? There was abundant evidence. There was evidence that the engine upon which the defendant was working had made a temporary stop near the tower and that the employees were in the habit of going across the tracks just at this place in the

discharge of their duty; that there was another train pass-
ing southward on the Coast Line track; that the train
that struck and injured the plaintiff was running at a high
rate of speed; that this train was running rapidly over a
place where employees of its own road and of the South-
ern might be expected to pass, without giving any signals
at all, and when the noise of its approach would be con-
fused with the noise of the other passing train. There
was evidence to show that neither the engineer nor the
fireman saw the plaintiff, though he was in plain sight, if
they were looking ahead and paying the slightest attention
to their own movements, or the movements of those em-
ployees they should have expected to be there.

From those facts the jury might have inferred, and
manifestly did infer, that the train which struck the plain-
tiff was being run with a reckless and willful disregard of
human life. The evidence that the plaintiff acted with
reckless disregard of his own safety was not conclusive.
He said that he did look both ways and did not see the ap-
proaching train. The two trains were going in different di-
rections. The jury might have inferred that their contrary
movements were confusing and would have misled a man
of ordinary prudence and power of observation. It is said,
however, that the plaintiff could have made a detour, and
then the train would have passed and the detour would have
avoided the accident. The detour would have taken the
plaintiff across this same track at another place, which would
have been equally dangerous, except for the mere element of
time and its safety was only revealed by subsequent events.

The non-suit and directed verdict were properly refused,
and the judgment is affirmed.