## 11095

### McMASTER v. SOUTHERN RAILWAY CO.

#### (115 S. E., 631)

TRIAL—INSTRUCTIONS AS TO PROXIMATE CAUSE AND CONTRIBUTORY NEGLIGENCE IN CROSSING ACCIDENT CASE HELD NOT ERRONEOUS WHEN CONSIDERED WITH REMAINDER OF CHARGE.—In an action for personal injuries and damages to plaintiff's automobile struck by defendant's train at a crossing, a charge that proximate cause "is the main thing that causes the trouble," and that contributory negligence "is the failure of a person to take those precautions for his or her own safety that ordinary prudence requires," when considered in connection with the entire charge, *held* not prejudicially erroneous.

Before RICE, J., Fairfield. Affirmed.

Separate actions by John H. McMaster, Jr., by Guardian *ad litem,* and by John H. McMaster, Sr., against Southern Railway Company. Judgment for plaintiff in each case and defendant appeals.

The exceptions were as follows:

(1) Because his Honor erred in allowing the witnesses, Quattlebaum, McMaster, and Meng, to testify as to the condition of the crossing, and as to the elevation of the rails on the crossing; the error being that the testimony of the plaintiff, John H. McMaster, Jr., and other witnesses showed that the wheels of the automobile, at the time of the collision, had just reached or passed over the first rail of the track, and, therefore, the condition of the track or the elevation of the rails could not possibly have been the proximate cause of contributing proximate cause of said collision, and such testimony was, therefore, irrelevant, and incompetent, prejudicial, and confusing to the jury by permitting the jury to consider such testimony in determining the liability of the defendant to the plaintiffs.

(2) Because his Honor erred in not directing a verdict for the defendant as to punitive damages in each of the cases, upon the ground that there was no evidence of recklessness, wantonness or willfulness that would sustain a

verdict for punitive damages; the error being that there was no testimony in the case from which the jury could fairly and reasonably infer that there was recklessness, wantonness, and willfulness on the part of the defendant, which would subject it to punitive damages.

(3) Because his Honor erred in not directing a verdict for the defendant in each of the cases, upon the ground that no actionable negligence was shown by the testimony, and that there was no evidence in the case that showed actionable negligence on the part of the defendant; the error being that there was no testimony from which the jury could reasonably infer that any negligence of the defendant was the proximate cause of the injury, but, on the contrary, the proximate cause of the injury was the negligence, gross carelessness and negligence, of the plaintiff's John H. McMaster, Jr., in failing to stop the automobile in time to prevent a collision with defendant's train; the testimony showed that said train was in full and plain view in ample time for him to have stopped the automobile.

(4) Because his Honor erred in not directing a verdict for the defendant in each of the cases, upon the ground that the only reasonable inference to be drawn from the whole testimony was that the injuries sustained by the plaintiffs occurred, as to the cause of action under the statute and ordinance, through the gross carelessness and negligence of John H. McMaster, Jr., in failing to stop the automobile before going on the crossing when the train was in plain and full view of him, and such a distance as would have enabled him safely to have stopped the same in time to prevent the collision, or such gross carelessness and negligence on his part was a contributing proximate cause of the said injuries and damage to the plaintiffs.

(5) Because his Honor erred in not directing a verdict for the defendant in each of the cases, as to the common law negligence, alleged in the complaint, upon the ground that John H. McMaster, Jr., was guilty of contributory

negligence in failing to stop, look, and listen or take some other precaution than that disclosed by the evidence to observe the train approaching on the track, and that the only reasonable inference, in view of all of the testimony in the case, was that he failed to look for the approaching train, and that was the proximate cause of his injuries; the error being that the only reasonable inference that can be drawn from the testimony is that the plaintiff, John H. McMaster Jr., neglected and failed to stop, look, or listen, or take some other precaution to observe the approaching train, when the testimony shows that the said train was in full and plain view, at such a distance from the crossing that he could have stopped and prevented said collision, and such negligence, or gross negligence, on his part was the proximate cause of his said injuries and damage claimed by the plaintiffs, or was a contributing proximate cause thereof.

(6) Because his Honor erred in failing to direct a verdict for the defendant in each of the cases upon the further and general ground that the evidence shows beyond controversy that the train was approaching the crossing at the same time that the plaintiff, John H. McMaster, Jr., was; that the view of the track was unobstructed in the direction in which the train was approaching for a sufficient distance to have enabled the plaintiff to have seen the train and to have stopped before going on the track, and that such failure on his part to see the train or to stop was the proximate cause of the accident or collision, or contributed thereto as a proximate cause thereof; the error being that when the plaintiff was more than 30 feet from the track he had a plain and unobstructed view of the track in the direction from which the train was approaching, and could have seen the same if he had looked, and his failure to see and observe the approaching train and stop in time to prevent the collision was the proximate cause of the accident, or contributed as a proximate cause thereto.

(7) Because his Honor after having correctly charged the jury that, "when the law speaks of an act as negligent, as contributing to the injury, whether it is gross or ordinary negligence, it means as a proximate cause," erred in defining proximate cause and charging the jury as follows: "Now what is proximate cause? Well it is the main thing that causes the trouble; it has been defined as the direct cause, or immediate cause"—the error being that such charge was not a correct statement of the law; that it placed the burden upon the defendant of showing that the contributory negligence of plaintiffs must be the main thing that causes the trouble; whereas, the law of contributory negligence is that, if the negligence of the plaintiff contributes in the slightest degree to the plaintiff's injury and damage as a proximate cause thereof, then he is not entitled to recover.

(8) Because his Honor erred in charging the jury and defining contributory negligence as follows: "Now, what is contributory negligence? That is the first thing when we come to the railroad side of it—contributory negligence. It is the failure of a person to take those precautions for his or her own safety that ordinary prudence requires. Now, that is plain—the failure of a person to take those precautions for his safety which ordinary prudence requires; and it may depend upon the circumstances in which he was placed at the time he was hurt, whether or not he was guilty of contributory negligence or not." Further erred in charging the jury as to contributory negligence, as follows: "Now, when we come to contributory negligence, in what would contributory negligence defeat a recovery? Suppose you determine that this young man was careless; that he was negligent. Our Supreme Court in the case of *Doolittle v. Railroad*, 62 S. C., 130; 40 S. E., 133, laid down some rules. I think I will read them to you. The defendant is liable; that is, in this case, the railroad company would be liable for its negligence if it is the direct and proximate

cause of the injury. In the next place, it would not be liable if the negligence in this case is, John H. McMaster, Jr., was the proximate cause of the injury if his negligence was the proximate cause of the injury; that is, you can't hold the railroad company liable for their negligence. If it was the proximate cause of the injury then you can't hold them liable for any injury he may have sustained, or his father may have sustained to his automobile"—the error being: (A) That such definition of contributory negligence was an incorrect and erroneous statement of the law, and left the jury to infer that the defendant must show the plaintiff's negligence must be the sole proximate cause thereof. (B) It required the defendant to prove that the negligence of the plaintiff, John H. McMaster, Jr., was the proximate cause of the injury; that is, the main cause of the injury, in order to defeat a recovery; whereas, if his negligence or his gross and willful negligence contributed in the slightest degree as a proximate cause of the injury, then the defendant was entitled to a verdict. (C) Because such charge entirely excluded from the consideration of the jury the contributory negligence of the plaintiff, John H. McMaster, Jr., as it should have been properly defined to the jury.

*Messrs. McDonald & McDonald,* for appellant, cite: *Punitive damages:* 76 S. C., 201; 99 S. C., 421. *Testimony against the weight of human knowledge is not proof:* 37 N. J. Eq., 130; 40 N. J. Eq. 162, Mo. 569; 125 Wis., 125; 270 Fed., 137. *Liability for crossing accidents:* 94 S. C., 143.

*Messrs. James W. Hanahan* and *Ragsdale & Ragsdale,* for respondents, cite: *Testimony as to character of crossing competent:* 25 S. C., 53; 47 S. C., 28; 61 S. C., 404; 61 S. C., 495; 54 S. C., 498. *Proof of any act of negligence alleged is sufficient:* 68 S. C., 55; 68 S. C., 403; Code Proc. 1912, Sec. 216; 64 S. C., 389; 68 S. C., 122. *Crossing ac-*

*cidents:* 109 S. E., 123; 108 S. C., 390; 75 S. C., 156; 76 S. C., 368; 102 S. C., 166. *Violation of ordinance is negligence per se from which willfulness may be inferred:* 83 S. C., 354; 84 S. C., 537; 94 S. C., 59; 90 S. C., 227; 84 S. C., 568; 85 S. C., 23; 108 S. C., 131; 100 S. C., 113; 90 S. C., 281; 112 S. C., 55; 108 S. C., 224; 81 S. C., 334; 76 S. C., 1. *Railroad responsible for approaches to crossing:* 108 S. C., 254; 111 S. C., 140. *Punitive damages:* 88 S. C., 13; 90 S. C., 308; 92 S. C., 72; 98 S. C., 89; 65 S. C., 430; 65 S. C., 440. *Failure to give signals raises presumption that such failure was proximate cause of injury:* 115 S. C., 115; 47 S. C., 381; 106 S. C., 123; 108 S. C., 392; 76 S. C., 368; 72 S. C., 389; 62 S. C., 130. *Proximate cause is question for the jury:* 1 Strob. L., 525; 54 S. C., 506; 55 S. C., 422; 56 S. C., 93; 61 S. C., 500; 62 S. C., 130; 65 S. C., 219; 65 S. C., 332; 68 S. C., 489; 68 S. C., 55; 69 S. C., 531; 63 S. C., 271; 76 S. C., 368; 77 S. C., 399; 78 S. C., 249; 81 S. C., 331; 83 S. C., 66; 95 S. C., 230; 86 S. C., 98; 83 S. C., 354; 91 S. C., 201; 103 S. C., 102; 113 S. C., 325; 114 S. C., 156. *Error of judgment in sudden peril:* 100 S. C., 436. *Directed verdict only where there are no issuable facts before the Court:* 51 S. C., 296; 52 S. C., 296; 54 S. C., 509; 70 S. C., 470; 59 S. C., 91; 59 S. C., 311; 77 S. C., 329. *Charge was substantially correct:* 102 S. C., 166; 93 S. C., 45; 107 S. C., 223; 113 S. C., 325.

January 11, 1923.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The following statement of facts appears in the argument of the appellant's attorneys:

These two actions arise out of the same occurrence, to wit: a collision between a train and an automobile at the College Street crossing in Winnsboro, the automobile being owned by McMaster, Sr., and being driven by McMaster,

Jr.  Both actions were for actual and punitive damages, the one for personal injuries and the other for the damage done to the automobile, and the pleadings in each case are practically the same.  The plaintiffs allege a willful and wanton and negligent violation of the signaling statute, and of the ordinance of the Town limiting the rate of speed of trains to six miles per hour, and a careless and negligent failure to keep ·a proper lookout, permitting buildings to be erected near its track which obstructed the view, failure to keep a watchman or flagman at the crossing, and negligent maintenance of the crossing.

The defendant denied these allegations, and alleged that the proximate cause of the injuries was the negligence and gross negligence of the driver of the car in approaching the crossing at too fast a rate of speed, and in failing to take any precautions whatever, although the statutory signals had been given, and the train was in plain view, or that such negligence and gross negligence contributed to the injuries as a proximate cause.

The two cases were tried together before the same jury, which returned a verdict at $1,000.00 punitive damages for McMaster, Jr., and $500.00 actual damages for McMaster, Sr.  At the conclusion of the testimony the defendant made a motion for a directed verdict upon the grounds set out in the case.  This motion was refused, and defendant has appealed from this refusal, and for alleged error in the charge to the jury, and in the admission of testimony as to the condition of the crossing.

The exceptions will be reported.

First exception.  This exception cannot be sustained, for the reason that the appellant's attorneys have failed to satisfy this Court that there was prejudicial error.

Second, third, fourth, fifth, and sixth exceptions.  When the testimony is considered in its entirety, it will readily be seen that all these exceptions must be overruled.

Seventh and eighth exceptions.   The parts of the charge quoted in these exceptions must be considered in connection with the entire charge, and, when so considered, it will be seen that there was no prejudicial error.

Affirmed.

MR. JUSTICES WATTS and FRASER concur.

MR. JUSTICE COTHRAN (dissenting).   The same objections to the charge of the presiding Judge arise in this case as in the case of *Curlee v. Railway Co.* (S. C.), 115 S. E., 628 (pending), and for the reasons given in my dissent in that case I think that the seventh and eighth exceptions, which will be reported, should be sustained.

MR. JUSTICE MARION concurs.