### CURLEE v. SOUTHERN RAILWAY CO.

#### (115 S. E., 628)

1. RAILROADS—PUNITIVE DAMAGES FOR INJURIES AT CROSSING WARRANTED.—Where there was evidence that the crossing was dangerous in itself, the space between the rails not having been filled in, so as to require very careful driving of plaintiff's automobile, that the view was obstructed, and that the statutory signals were not given, the refusal to direct a verdict as to punitive damages was proper.

2. TRIAL—CHARGE AS TO PROXIMATE CAUSE HELD NOT ERROR, IN VIEW OF CHARGE AS A WHOLE.—In an action against a railroad company for injuries sustained by plaintiff while driving over a dangerous crossing in his automobile, where the view was obstructed and the statutory signals were not given, a charge that "the proximate cause is the main thing that caused the trouble," *held* not prejudicial in view of charge as a whole.

Before RICE, J., Fairfield, September, 1921. Affirmed.

Action by M. E. Curlee against Southern Railway Co. Judgment for plaintiff and defendant appeals.

*Messrs. McDonald & McDonald,* for appellant, cite: *Testimony in derogation of the laws of physics will not be treated as of probative value:* 162 Mo., 569. *Gross and willful negligence of plaintiff is a complete defense:* 91

S. C., 548; 108 S. C., 256; 102 S. C., 170. *Contributory negligence:* 15 S. C., 453; 40 S. C., 82; 67 S. C., 68; 20 R. C. L., 101, 145. *Willfulness is a defense against willfulness:* 109 S. C., 78. *Negligence:* 153 N. C., 322.

*Messrs. J. W. Hanahan* and *Ragsdale & Ragsdale,* for respondent, cite: *Failure to give signals evidence of willfulness:* 109 S. E., 123; 102 S. C., 167; 106 S. C., 123; 108 S. C., 390. *Contributory negligence:* 56 S. C., 91; 63 S. C., 494; 58 S. C., 228. *Attention of Judge should be called to error in charge:* 102 S. C., 166; 93 S. C., 45; 97 S. C., 229; 97 S. C., 166; 96 S. C., 74; 77 S. C., 69; 74 S. C., 102; 68 S. C., 37.

January 11, 1923.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an action for actual and punitive damages, alleged to have been suffered by the plaintiff at the hands of the defendant.

In the town of Winnsboro there is a street called College Street, which crosses the track of the appellant's railroad. Among other things, the plaintiff alleges that the crossing signals were not given, that the defendant allowed the view of its approaching trains to be obstructed, and maintained a dangerous crossing. The jury found a verdict for $1,250 actual, and $3,000 punitive, damages. From the judgment entered on this verdict, this appeal is taken.

I. The first assignment of error is that his Honor erred in refusing to direct a verdict as to punitive damages. There was no error here. There was evidence that the space between the rails was not filled in, and that the rails stood up several inches above the crossties. That if an automobile was driven across rapidly, there would be a jolt of the car. That if it was driven slowly, the tendency was to choke down and stop. There

was evidence that the car was driven slowly and did choke down, and before it could be moved it was struck by the train. There was also evidence that the view was obstructed until the car was very near the track, and that the statutory signals were not given.

If the jury believed that the crossing was dangerous in itself, requiring very careful driving of the car whether the train was approaching the crossing or not, that the view was obstructed, and that the statutory signals were not given, then the jury might well have given punitive damages, especially when the crossing was a much-used crossing.

II. The only other exceptions center around and are based upon the charge of his Honor that the proximate cause is the main thing that caused the trouble. It does not appear that this was prejudicial to the defendant appellant. His Honor used the expression in charging the burden upon the plaintiff. His Honor charged the jury that the plaintiff must show that the negligence that caused her injury was the proximate cause; i. e., "the main thing that caused the trouble." When his Honor came to charge as to contributory negligence, he used the words "proximate cause" without the offending words. It is true the offending words, "the main thing that caused the trouble" dominated that, too, as a matter of English. The most that can be said is that he applied the same rule to both plaintiff and defendant, and therefore it cannot be said to be prejudicial to the defendant. If anything, it was more hurtful to the plaintiff than to the defendant, as it was said directly in regard to the proof required from the plaintiff.

The judgment is affirmed.

MR. CHIEF JUSTICE GARY and MR. JUSTICE WATTS concur.

MR. JUSTICE COTHRAN (dissenting): I think that the judgment should be reversed upon the clearly erroneous charge concerning the defense of contributory negligence. The Circuit Judge, in explaining the burden of proof which

the law lays upon the plaintiff in such a case, declared very properly:

"The plaintiff must not only show that the defendant was negligent, * * * but that such act of negligence * * * was the·proximate cause of the injury to the plaintiff."

He then proceeded to define "proximate cause" as referred to the act of the defendant thus:

" 'The proximate cause is such a cause that operates to produce particular consequences, without the intervention of any intermediate cause, and without which the injury would not have happened. It is the ruling cause, the efficient cause; it is the ruling cause.' The plainest way I can do this—I have done it dozens of other times to juries—it is the main thing that causes the trouble; that is all it is, the main thing that causes the trouble."

Then he takes up the defense of contributory negligence and defines "proximate cause" in connection with it in practically the same terms; "that the negligence of the plaintiff was the proximate cause of the injury—was the main thing that caused the trouble." He declares this to be the defendant's defense, and necessarily infers that before it can be established it must be shown to have been "the main thing that caused the trouble."

Regardless of the correctness or incorrectness of his definition of "proximate cause" as applied to the acts of the defendant, it is clear that as applied to the acts of the plaintiff it was erroneous to declare that the acts of the plaintiff must be shown to have been *the proximate cause* of the injury, "the main thing that caused the trouble." Such a charge draws no distinction between the act of the plaintiff which is shown to have been *the* proximate cause of the injury and the act of the plaintiff which is shown to have been *one of the proximate causes* which concurring with the negligence of the defendant constitutes *the* proximate cause.

The defendant has the right in defense, to show that the injury did not result from its negligence as a proximate cause; or that it resulted from the negligence of the plaintiff as the sole proximate cause, or that the act of the plaintiff combined as proximate cause with the admitted negligence of the defendant as a proximate cause; the two concurrent acts of negligence constituting the proximate cause, without either of which the injury would not have occurred. It was clearly erroneous to declare that the act of the plaintiff claimed to have been negligent must have been "the proximate cause, the main thing that caused the trouble."

It has been held by this Court over and over again that the contributory negligence of the plaintiff, operating as a proximate cause *in the slightest degree,* will defeat a recovery.

As far back as *Gunter v. Mfg. Co.,* 15 S. C., 443, it is declared:

"In these cases it was held that where the negligence or default of plaintiff was *in any degree* the direct or proximate cause of the damage, he was not entitled to recover, however great might have been the negligence of the defendant. * * * It must be understood, in this connection, that the term 'proximate' does not mean the sole and direct cause, but it includes all such acts or omissions as may have contributed to the injury complained of, and there may be more than one proximate cause."

If there may be more than one proximate cause, and if the contributory negligence of the plaintiff (of course as a proximate cause) to any extent will defeat a recovery, the error is manifest in requiring that it be the proximate cause "the main thing that caused the injury."

The law of comparative negligence adopted by the Federal Employers' Liability Act (U. S. Comp St., §§ 8657–8665) is a recognition and repudiation of the common-law doctrine that the contributory negligence of the plaintiff

to any extent will defeat a recovery. This act, it is needless to say, has no application here, and is referred to solely for the purpose of showing that in all other cases the ancient rule prevailed.

In *Thackston v. Railroad Co.*, 40 S. C., 80, 18 S. E., 177, in an exhaustive and able charge by Circuit Judge Izlar, approved by the Court, it is said:

"For the rule, as I understand it, in a case like the present, is, that if the negligence of the plaintiff's intestate contributed in any degree there can be no recovery."

In *Shealey v. Railroad Co.*, 67 S. C., 61, 45 S. E., 119, the Court says:

"In order to constitute contributory negligence, the injured person's negligence must directly and proximately cause the injury, combining and concurring with the negligence of the injured (injuring?) party. * * * A proximate cause is one which operates immediately, not remotely, and is active and efficient in producing the injury. If plaintiff was negligent, and that negligence, moving and operating, brought about the disaster, the natural inference would be that such negligence was an active, efficient and immediate cause of the disaster, and if such negligence moved together, operated together with defendant's negligence, the necessary inference would be that plaintiff's negligence combined and concurred with defendant's negligence in causing the disaster."

It is clear from this authority that it is the character and not the quantum of the plaintiff's contribution that is determinative. The charge under review makes the quantum of such contribution determinative: "The main thing that caused the trouble" necessarily suggesting a comparison between the negligence of the plaintiff and that of the defendant, and not declaring the proper test, the active, efficient cooperation, much or little, in bringing about the occurrence.

"It makes no difference that the negligence chargeable to the plaintiff is slight in comparison with the negligence of the defendant. The common law is inexorable that whatever the degree, if it can be said that the plaintiff's negligence contributed to the injury, recovery is wholly precluded." 20 R. C. L., p. 101.

"Any negligence of the plaintiff, however slight, that contributed to the injury, precludes his recovery (assuming of course that it was a proximate cause)." *Evans v. Express Co.* (Ind.), 7 L. R. A., 678, note.

In *Easler v. Railroad Co.*, 59 S. C., 311; 37 S. E., 938, the Circuit Judge had charged the jury:

"It is not sufficient for the defendant to show that the plaintiff may, to some extent, have been careless or negligent; the jury must be satisfied, before they can find for the defendant on such plea as that, that the plaintiff's negligence was the direct and proximate cause of the injury."

This was held reversible error, the Court saying:

"He completely ignored and eliminated the word 'contributory,' and parctically presented the issue to the jury as if the sole question was whether the injury was caused by the plaintiff's own negligence or that of the defendant; whereas, the issue presented by a plea of contributory negligence is whether both parties were negligent, and whether the negligence of each contributed as a proximate cause to the injury complained of."

It seems to me therefore that when the Circuit Judge imposed upon the defendant the burden of showing not simply that the negligence of the plaintiff contributed as an efficient cause to the collision, but that it was the main thing that produced it, it was impossible for the defendant to have sustained that burden, in view of the common conception that, if the defendant failed to give the signals or failed to keep the crossing in order, that failure was the main cause of the collision, and not the failure to exercise slight care in approaching the crossing.

I desire to call attention to the fact that the failure to keep the crossing in order is not alleged in the complaint to have been willful; and therefore should not have been considered, as is done in the leading opinion upon the question of punitive damages.

MR. JUSTICE MARION: I concur in so far as the opinion relates to error in charge of Circuit Judge.