## 11593

### MANNING v. ATLANTIC COAST LINE RY. CO.

#### (125 S. E., 31)

RAILROADS—CONTRIBUTORY NEGLIGENCE OF DRIVER OF MULE AND WAGON
AT CROSSING HELD FOR JURY.—In an action for damages sustained
by driver of mule and wagon struck by train at railroad crossing,
question of contributory negligence *held* for the jury.

Before DEVORE, J., Dillon.   March 1923.   Affirmed.

Action by Gary Manning against Atlantic Coast Line
Ry. Co.   Judgment for plaintiff and defendant appeals.

Plaintiff testified that he could not see approaching train
because his view was obstructed by a house and bushes, and
by what he thought was corn; that he did not hear the

train; that the whistle was not blown; and that, though he looked, he did not see the train until immediately before he was struck. Witness for plaintiff also testified as to obstruction of view. Employees of railroad testified that signals were given on approaching crossing. Other witnesses testified that they heard the signals. Witnesses familiar with the crossing testified that plaintiff when 65 yards from the crossing could have seen a quarter of a mile down the track. One of the defendant's witnesses testified that he saw plaintiff when he was driving toward the crossing; that plaintiff was sitting with his head on his breast, and did not raise it to look for the train.

*Messrs. F. L. Wilcox* and *Gibson & Muller,* for appellant, cite: *Law as to crossing accidents:* 114 S. E., 502; 94 S. C., 145; 106 S. C., 123; 117 S. C., 519. *Different rule of negligence for driver of horse drawn vehicle and automobile:* 270 Fed., 139; 61 Fed., 375. *What amounts to gross negligence by the driver:* 120 S. C., 374. *Verdict should have been directed:* 58 S. C., 491; 179 Fed., 577; 159 Fed., 10; 174 U. S., 379.

*Messrs. Joe P. Lane* and *C. T. McDonald,* for respondent, cite: *Law of crossing accidents:* 109 S. E., 123; 115 S. E., 628; 114 S. E., 631. *Failure to give statutory signals,* Code 1912, Sec. 3222, 3230; 29 S. C., 322; 58 S. C., 222; 63 S. C., 370; 90 S. C., 262; 99 S. C., 284; 106 S. C., 123; 114 S. E., 500. *Negligence for the jury:* 30 S. C., 218; 110 S. E., 154; 114 S. E., 500; 117 S. E., 510.

October 28, 1924.

The opinion of the Court was delivered by Mr. Justice Watts.

This was an action to recover damages for alleged injuries received by the plaintiff, and for loss of mule and wagon, which were destroyed as he was attempting to cross the main line of the defendant in the town of Dillon on July

18, 1921; he having come into collision with one of defendant's trains.

After issue joined the case was heard before Judge De Vore and a jury at the March term of Court for Dillon county. At the conclusion of the testimony a motion was made for the direction of a verdict in favor of the defendant on the grounds:

"First, that there is no evidence of negligence on the part of the defendant; second, that the evidence conclusively shows that the plaintiff was guilty of gross contributory negligence and recklessness and wantonness, in that the testimony shows that the track was perfectly straight, and that, if he had looked at any time within 65 feet of that track, he could have seen the train approaching for at least 200 or 300 yards. The testimony conclusively shows that he did not take the slightest degree of care of his own safety."

His Honor refused the motion, and the jury found for plaintiff. After entry of judgment defendant appealed, and the only question raised by the exception is alleged error in failing to direct a verdict upon the second ground of motion for directed verdict before Judge De Vore.

His Honor committed no error in refusing to direct a verdict as asked for. There was ample testimony to submit the case to the jury for their determination, and the law in such cases is well settled: *Wideman v. Hines,* 117 S. C., 516; 109 S. E., 123. *Curlee v. Southern,* 122 S. C., 361; 115 S. E., 628. *Mountcastle v. A. C. L.,* 122 S. C., 93; 114 S. E., 631. *Chisolm v. S. A. L. Ry. Co.,* 121 S. C., 394; 114 S. E., 500. *Richardson v. Northwestern Ry. Co.* (S. C.), 117 S. E., 510.

The exception is overruled and judgment affirmed.

MESSRS. CHIEF JUSTICE GARY and JUSTICE FRASER concur.

MESSRS. JUSTICES COTHRAN and MARION dissent.

Mr. Justice Cothran, (dissenting). The undisputed evidence, including the testimony of the plaintiff, is that at a point 40 feet from the main line the train could have been seen approaching from 65 to 150 yards, and at the side track, 10 feet from the main line, it could have been seen for more than a mile. The conclusion is irresistible that he drove upon the track without taking the slightest care for his safety. The fact that he testified that he looked, when the evidence shows that if he had done so he would have seen the train, is not acceptable as evidence.