## 9768

### STRICKLAND v. SOUTHERN RY. CO.

(93 S. E. 187.)

1. MASTER AND SERVANT—INJURIES TO SERVANT—NEGLIGENCE—QUESTION FOR JURY.—In an action against a railway for death of its locomotive engineer, question of defendant's negligence *held* for the jury under the evidence.

2. COSTS—ON APPEAL—DISREGARD OF RULE.—Where the case for appeal has been prepared in utter disregard of the rule, no costs or disbursements on the appeal will be taxed in favor of appellant on reversal.

Before HON. Jos. A. McCULLOUGH, special Judge, Lexington, December, 1916. Reversed.

Action by Mrs. Mary E. Strickland, administratrix of the estate of H. B. Strickland, deceased, against the Southern Railway Company. From a judgment for defendant on its motion for directed verdict, plaintiff appeals.

*W. Boyd Evans, Melton & Sturkie,* and *Porter A. McMaster, C. M. Efird* and *E. L. Asbill,* for appellant, cite: *As to issue for jury:* 103 S. C. 115.    *Safe tools and appliances:* 100 U. S. 213-217; 135 U. S. 554-570; 191 U. S. 64-67.    *Assumption of risks:* 191 U. S. 64-68; 220 U. S. 590; 228 U. S. 319; 232 U. S. 94; 58 Law Ed. U. S. 1070. *Promise to repair:* 100 U. S. 213-224; 226 U. S. 162-168. *Dangers resulting from employer's negligence:* 170 U. S. 665, 671, 672; 191 U. S. 64, 68; 228 U. S. 319; 232 U. S. 94; 233 U. S. 492.    *Latent defect:* 161 U. S. 451; 170 U. S. 665; 191 U. S. 64, 68; 196 U. S. 51.

*Messrs. B. L. Abney* and *Geo. B. Cromer,* for respondent, submit: *Master did not know of latent defect:* 4 Thompson Negligence 3864; 175 U. S. 658; 166 U. S. 617; 200 U. S. 480.    *Presumption against negligence:* 241 U. S. 319; 242 U. S. 148; 139 Fed. 737; 138 Fed. 195; 88 Fed. 462; 98 Fed. 192.    *Issue for jury:* 102 S. C. 281.

*Messrs. Timmerman & Callison,* also for respondent.

July 16, 1917.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an action for death by the wrongful act.    The deceased was an engineer running from Savannah, Ga., to Jacksonville, Fla.    When the train reached the station in Jacksonville, the engineer, in making an inspection of his engine, found that the drain cock to the air reservoir was stopped up, and took a piece of wire to open it.    When the wire was put into the opening of the drain cock, it removed the obstruction, and the contents of liquid and solid matter struck his hand and caused injuries from which it is alleged that the engineer subsequently died.    The defendant made a motion for a nonsuit, which was refused, and subsequently

made a motion for a directed verdict, which was granted. From the judgment entered thereon this appeal was taken. The verdict was directed on the ground that there was no evidence of negligence on the part of the defendant, that the injury was caused solely by the negligence of the plaintiff, and that the plaintiff had assumed the risk.

The judgment is reversed for the reason that there was evidence from which the jury might have inferred negligence on the part of the defendant. The evidence did not show conclusively as a matter of law that the negligence of the plaintiff was the sole cause of the injury, and the evidence of assumption of risk was not conclusive. It would be manifestly unfair for this Court to discuss the evidence, inasmuch as the case must go back for a new trial. It is a sufficient statement that there was evidence enough to carry the case to the jury, and the order directing a verdict is reversed.

The case for appeal has been prepared in utter disregard of the rule, and it is ordered that no costs or disbursements on appeal shall be taxed.