9771

WILLIAMS v. NORTHWESTERN R. CO. OF SOUTH CAROLINA
ET AL.

(93 S. E. 183.)

1. RAILROADS—FIRES—ACTION—INCONSISTENT CAUSES OF ACTION.—Under Civ. Code 1912, sec. 3226, declaring a railroad responsible for injury to property by fire communicated by its locomotive or originating within the limits of its right of way in consequence of the act of an authorized agent or employee, a company operating over the road of another is liable for fire communicated by its locomotive directly to property outside the right of way, or to the right of way and thence to the property outside, and in the latter case the owner of the road is also liable; and the complaint against both companies, stating both states of facts, does not state inconsistent causes of action, but merely covers a joint and several or separate liability for the same wrong.

2. RAILROADS — FIRES — ACTIONS — INSTRUCTIONS.—Modifying requested charge that after discovering the fire it was the duty of plaintiff's agent to use care to prevent it going further, by statement that to make one responsible for failure of agent to prevent injury it must be found that he had charge of the particular property, is not error.

3. RAILROADS—FIRES—ACTION AGAINST TWO COMPANIES—INCONSISTENT VERDICT.—Verdict against the operating railroad alone, in action against the company owning the road and one operating trains over it for burning adjacent property, is not illogical; liability of the owning company depending under Code 1912, on whether fire started on right of way, a question for the jury.

Before SHIPP, J., Camden, November, 1916.    Affirmed.

Action by Ellen M. Williams against the Northwestern Railroad Company of South Carolina and another. From a judgment against the named defendant, it appeals.

*Messrs. Purdy & Bland* and *B. B. Clarke,* for appellant, cite: *As to cause of action:* Civil Code, sec. 3226. *Inconsistent causes of action:* 1 Enc. Pl. & Pr. 183; 7 *Ib.* 352; Pomeroy Code Rem. (4th ed.) 659, 660. *Ownership or control of engine:* 67 S. E. 546; 31 S. C. 378.

*Mr. W. B. deLoach,* for respondent, cites: *As to waiver of misjoinder by failure to demur:* 47 S. C. 211; 38 S. C. 485. *Issue for jury:* 99 S. C. 498. *Grounds for recovery:* 65 S. C. 425; 83 S. C. 559; 41 S. C. 285; 85 S. C. 453; 41 S. C. 91; 31 S. C. 382; 41 S. C. 287; 96 S. C. 301.

July 17, 1917.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The appellant's statement of its cause is found in its argument:

"This was an action for damages alleged to have been sustained by the plaintiff as the result of a fire burning over

her lands on or about the 6th day of November, 1914. Under section 3226 of the Civil Code, vol. I, plaintiff sought two methods of redress against appellant, based upon inconsistent and alternative theories, to be found in her first and second cause of action stated in her complaint. While it is true that said section permits two methods of redress for injury by fire, yet it is equally true that these methods of redress are based upon inconsistent and alternative theories: One that the fire was communicated by a locomotive engine of the defendant, the other that it originated within the right of way of said defendant in consequence of the act of any of its authorized agents or employees except, etc. Before answering the appellant gave notice that upon the call of the case for trial it would move for an order requiring the plaintiff to elect upon which of the alleged first and second causes of action it would proceed to trial. The motion was duly made, and upon it the Court rules as follows: 'I do not think I ought to make him elect before the testimony comes out, though I may make him elect before he goes to the jury.' The motion was pressed at the conclusion of the testimony, and his Honor finally held: 'I do not know that this is a case in which he ought to be required to elect, where he is setting up two entirely distinct causes of action to give different liability; where he shows—alleges negligence in one, liability, under the statute, he might have to elect in a cause of that sort, but where he states different phases which the testimony might take would be narrowing it to hold him down to elect under those circumstances; the testimony may be conflicting. I will let it go to the jury.' Upon this and the preceding rulings our first exception is based.

"First Exception. In refusing to grant the motion of the appellant to cause the plaintiff to elect upon which of the first two alleged causes of action she would go to trial, and in holding that they alleged practically one and the same thing; whereas, it is submitted that the first cause of action seeks to charge the communication of fire from the locomo-

tive engine to the land of the plaintiff without alleging any acts of negligence and without alleging that it originated within the right of way, and the second cause of action undertakes to hold the appellant liable for putting out fire from the locomotive on its alleged right of way and thence to the tract of land in question, constituting two wholly different causes of action, the first not depending on negligence, and the other seeking to make the appellant liable under the statute governing communicated fire within the right of way, and the plaintiff was entitled to have the plaintiff elect, as a matter of law, and there was error in his Honor not so holding and directing."

1. The appellant's fundamental error is that there are two inconsistent causes of action. There is but one. This is an action under the statute, and not at common law. There is no allegation of negligence. If a spark from the appellant's engine started the fire, it makes no difference whether the spark fell within or without the right of way, the appellant is liable. If the fire was not caused by the engine of appellant, but simply originated on the right of way, then the right of way was the right of way of the Southern Railway, and the appellant was not liable. If the fire started from a spark of appellant's engine and started on the right of way, then both defendants were liable. The appellant was liable because its engine caused the fire, and the Southern because it started on its right of way by an engine operated under its control. The language of the statute is plain (Code 1912, sec. 3226) :

"Every railroad corporation shall be responsible in damages to any person or corporation whose buildings or other property may be injured by fire communicated by its locomotive engines, or originating within the limits of the right of way of said road in consequence of the act of any of its authorized agents or employees."

The company that owned the right of way and the company that operated the engine were both parties defendant,

and the allegations simply covered a joint and several or separate liability for the same wrong. This disposes of the first, second and fourth exceptions which were argued together, and all are overruled.

2. The third and sixth exceptions relate to the question of minimizing damages. The third exception states the point at issue and is—

"3. In not charging the jury as follows, as requested by the appellant, viz.: 'I charge you that after discovering the fire, it was the duty of the plaintiff's agent to use ordinary care in preventing the fire from doing further damage, and, to the extent that further damages could have been reasonably prevented, the plaintiff cannot recover damages'—and erred in modifying such request, in charging as follows: 'But in order to make another responsible for the failure of some servant or some agent of hers failing to use reasonable efforts to prevent injury, you will have to find he had charge of that particular property; that it was his duty to protect the property; in other words, a principal is not liable for an act of an agent, unless the agent is acting within the scope of his authority, within the scope of his agency'—the error being that the proposition of law was a correct proposition of law as submitted, and should have been so charged, and there was error in modifying it, for the reason that there was no dispute that Arthur Gaskin had charge of the property in behalf of the plaintiff, who resided elsewhere, and the modification had no application to the undisputed facts and should not have been given."

We see no error in the explanation, and this exception is overruled.

3. The fifth exception is:

"The verdict is illogical, as the roadbed on which the alleged injury occurred belonged to the Southern Railway, and a verdict could not be found against the appellant, if it were liable at all, without likewise holding the Southern Railway liable, and a judgment based upon such verdict cannot be enforced against the appellant."

That depended on the spot at which the fire originated, and was a question for the jury. The judgment in favor of the Southern Railway is not appealed from.

The judgment is affirmed.