### 10049

#### CRAWFORD v. MULLINS LUMBER CO.

(96 S. E. 494.)

Railroads—Responsibility for Fires—Meaning of "Railroads"—Logging Railroads.—In view of Civ. Code 1912, sec. 3098, providing that the phrase "railroads and railways" shall be construed to mean all railways operated by steam, an ordinary corporation chartered under general laws, which operates a logging railroad, comes within sec. 3226, as a railroad corporation responsible for damages by fires.

Before Wilson, J., Horry, Fall term, 1917. Affirmed.

Action by Lula E. Crawford against the Mullins Lumber Company. From a judgment for plaintiff, defendant appeals.

*Messrs. Robert B. Scarborough* and *Hoyt McMillan,* for appellant, submit: *That there is only one question, which it is desired to bring to the attention of this Court, that question is, whether or not an ordinary corporation, chartered*

*under the general laws of the State of South Carolina. which, in the operation of its private business, maintains a logging railroad, comes within the purview of section 3226, Civil Code 1912:* Civil Code of 1912, sec. 3226; 19 S. E. 197; 19 S. E. 497; 91 S. C. 377; Civil Code of 1912, chapter XLIX, p. 851; section 3098; Constitution of 1895, article IX, section 3; Moore on Carriers, p. 73, sec. 35.

*Messrs. Harrelson & Harrelson,* for respondent, cite: *As to defendant coming within the purview of section 3226, Civil Code of 1912:* Civil Code of 1912, sections 3226-3227; 89 N. W. 68; 82 Minn. 127; 84 N. W. 788; 199 U. S. 593; 50 L. Ed. —; 87 S. W. 358; 1 Wood's R. R. Law, sec. 2; 1 Elliott on Railroads, sec. 1; 44 N. E. 218; 1 Elliott on Railroads, sec. 1; 136 Fed. 147 (C. C. A. 8th Circuit); 82 S. C. 242; 91 S. C. 377; 102 S. C. 487. *The verdict may be sustained on the ground of negligence without regard to section 3226:* 81 S. C. 567; 19 S. C. 39.

July 19, 1918.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

Appellant's statement: "This action was started by plaintiff on September 13, 1916, plaintiff's complaint setting out two causes of action against the defendant on account of fire, the first cause of action being brought under the statute as set out in section 3226, Civil Code 1912, and the second cause of action being an action under the common law for negligence. It appears and is admitted, for the purpose of this appeal, that plaintiff had title to the lands burned over, and that this land was damaged by the fire, and that the Mullins Lumber Company had a tramroad in the neighborhood in this tract of land, and that the fire in question originated on the right of way of this tramroad. There is only one question, which it is desired to bring to the attention of this Court. That question is whether or not an ordinary cor-

poration chartered under the general laws of the State of South Carolina, which, in the operation of its private business, operates a logging railroad, comes within the purview of section 3226, the appellant raising this question in his two exceptions, first exception alleging error on the part of his Honor in refusing to nonsuit plaintiff in his first cause of action, and second exception alleging error on the part of his Honor in charging the jury the law as laid down in the Code in section 3226."

Section 3226 is as follows:

"*Responsible for Damages by Fire.*—Every railroad corporation shall be responsible in damages to any person or corporation whose buildings or other property may be injured by fire communicated by its locomotive engines, or originated within the limits of the right of way of said road in consequence of the act of any of its authorized agents or employees, except in any case where property shall have been placed on the right of way of such corporation unlawfully or without its consent, and shall have an insurable interest in the property upon its route for which it may be so held responsible, and may procure insurance thereon in its own behalf."

The Code of Laws of South Carolina, 1912, vol. I, sec. 3098, is:

"*Definition of Terms; To Whom Applicable.*—In the construction of this chapter, except where such meaning would be repugnant to the context or contrary to the manifest intention of the legislature, the phrase 'railroads and railways,' shall be construed to include all railroads and railways operated by steam, except marine railways doing business as common carriers in this State, and whether operated by the corporations owning them or by other corporations or otherwise; 'railroad' shall be construed to mean a railroad or railway operated by steam power. The term 'railroad corporation' or 'railroad company' contained in the law of this State shall be deemed and taken to mean all corporations, companies or individuals now owning or operating,

or which may hereafter own or operate any railroad, in whole or in part in this State, and the provisions of this law shall apply to all persons, firms and companies, and to all associations as common carriers upon any of the lines of railroads in this State (street railways and express companies excepted), the same as to railroad corporations hereinafter mentioned."

The expression "the phrase 'railroads and railways' shall be construed to include all railroads and railways operated by steam, * * * whether operated by the corporations owning them or by other corporations or otherwise; 'railroad' shall be construed to mean a railroad or railway operated by steam power"—is conclusive of the question. The defendant is liable under the statute, because it was a railroad operated by steam.

The judgment is affirmed.