## 10690

### CLARK, ADMR. v. COLA. RY. G. & E. CO.

#### (108 S. E. 178)

1. EVIDENCE—TESTIMONY THAT COMPANY DID NOT NOTIFY DECEDENT'S ADMINISTRATOR OF INJURY INADMISSIBLE.—In an action against a street railroad for death of a passenger in an automobile which collided with a car, testimony that defendant did not notify plaintiff administrator of the injury was properly rejected, there being no foundation for it, as there was no showing that any agent of defendant railroad knew whom to notify, and no attempt to show it.

2. EVIDENCE—LETTERS OF COMPANY ADMITTING PLACE OF ACCIDENT DANGEROUS PROPERLY EXCLUDED.—In an action against a street railroad for death of a passenger in an automobile which collided with a car, two letters written by defendant company to the mayor of the city admitting that the place of the accident was dangerous were properly excluded, the danger admitted having no connection with the actual cause of the accident.

3. APPEAL AND ERROR—ERROR IN ADMISSION OF ORDINANCES IN ACTION AGAINST STREET RAILWAY FOR DEATH HARMLESS IN VIEW OF INSTRUCTION.—In an action against a street railroad for death of a passenger in an automobile which collided with a car, if the introduction of ordinances of the city regulating the speed of automobiles was erroneous, such error could not have affected the result where the trial Court charged that deceased was not responsible for the running of the automobile, as he had no control of it or the driver, his host.

4. NEGLIGENCE—INSTRUCTION ON GUEST'S RESPONSIBILITY FOR RUNNING OF AUTOMOBILE NOT PREJUDICIAL.—In an action against a street railroad for death of a passenger in an automobile which collided with a car, there was no error prejudicial to plaintiff administrator on the part of the trial Court in charging the jury that deceased was not responsible for the running of the automobile, deceased not being able to control the management of the car, and not being liable therefor.

Before MOORE, J., Richland, November, 1919. Affirmed.

Action by W. D. Clark as Admr. of W. W. Clark, against Columbia Railway, Gas & Electric Co. Verdict for defendant and plaintiff appeals.

*Messrs. Tompkins, Barnett & McDonald,* for appellant, cite: *Duty of defendant to minimize damage due to its wilfulness*: 111 S. C. 413. *Mental suffering of beneficiaries element of damages*: 74 S. C. 306; 65 S. C. 260; 60 S. C. 237; 59 S. C. 87; 47 S. C. 375. *Evidence of occurrences after accident may be given in aggravation of* damages: 8 R. C. L., 553. *Letters admitting danger of locus written after accident admissible*: 10 R. C. L. 943; 32 L. R. A. (N. S.) 1084, note 1117; 16 Gray 181; 64 Fed. 287; 26 N. Y. Supp. 760; 47 N. W. 74 (Iowa); 70 Pac. 111 (Wash.); 72 Ind. 196; 42 N. Y. Supp, 578; 43 N. E. 294; 9 So. 525 (Ala.); 56 Tex. 331; *Negligence of driver not imputable to guests*: 113 S. C. 45. *Error to give instruction on point not in issue*: 113 S. C. 45; 72 S. C. 442, 106 S. E. 376; 75 S. E. 782; 14 R. C. L. 790.

*Mr. R. B. Herbert,* for respondent, cites: *Examination of record shows verdict was a proper one*: 93 S. C. 295

August 1, 1921.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an action for death by the wrongful act. The testimony tends to show that deceased was invited to enter the automobile of another to go to Camp Jackson; that they were going down Gervais Street in the City of Columbia, following a street car of the defendant going to the camp; that in going along the street there was another automobile standing on the street so as to obstruct the way; that the automobile driver swerved the car in which the deceased was riding towards the center of the street; that the automobile, skidded further toward the center of the street and was struck by another street car of the defendant going in the opposite direction, and the deceased received mortal wounds from which he died during the day. The defendant denied negligence, and pleaded contributory negligence, etc.

The first exception complains of error in refusing to allow the plaintiff to show that the defendant did not notify the plaintiff of the injury.    The testimony was properly rejected.    There was no foundation for it.    The case fails to show that any agent of the defendant knew whom to notify, or any attempt to show it.

The second and third exceptions complain of error in excluding two letters written by the company to the mayor of Columbia, admitting that the place of the accident was a dangerous place.    The letters were properly excluded.    Even if the letters within months afterwards could have been admitted, the danger admitted had no connection with the cause of the accident.

The fourth and seventh exceptions complain of error in allowing the introduction of ordinances of the city of Columbia, regulating the speed of automobiles.    Even if error, it could not have affected the result, as his Honor charged the jury that the deceased was not responsible for the running of the automobile, as he had no control of it or the driver, whose guest he was.

The fifth and sixth exceptions complain of error in charging the jury the law in regard to the responsibility of those riding in an automobile, who had the right to control the running of the car.    His Honor charged the jury that the deceased was not responsible for the running of the car.    The charge condensed means:    Where one is riding in a car as a guest, and cannot control the management of the car, he is not responsible for negligence; but if he can control it, he is responsible.    In this case, however, the deceased could not control the management of the car, and he is not liable.    There was certainly no prejudicial error there.

The judgment appealed from is affirmed.