### 11459

#### PHILLIPS v. SEABOARD AIR LINE RAILWAY CO.

##### (112 S. E., 309)

1. Railroads—Duty to Keep Crossing Unobstructed Nonassignable.
   —Where a railroad crosses a public road, the duty of the railroad
   company to keep the crossing unobstructed is nonassignable.
2. Railroads—Issue of Punitive Damages Held for Jury.—Where
   there was evidence of an unreasonable delay by defendant railroad
   company in removing a dangerous obstruction to the crossing where
   plaintiff was injured, the issue of punitive damages should have
   been submitted to the jury.

Before W. C. McLain, Special Judge, Marion, Fall Term, 1922. Reversed and remanded.

Action by H. R. Phillips against Seaboard Air Line Railway Company. From the judgment rendered, both parties appeal.

*Messrs. W. F. Stackhouse* and *A. F. Woods,* for plaintiff, cite: *Lessor of a railroad is liable for damages caused by lessee on the leased line:* 28 S. C., 401; 73 S. C., 574; 74 S. C., 113; 33 Cyc., 710; 67 S. C., 499. *Obstruction of highway crossing is negligence as matter of law:* 69 S. C., 353; 83 S. C., 354; 106 S. C., 354; 3 Code 1922, Sec. 4983. *Duty of railroad to keep crossing free of obstructions:* 28 S. C., 23; 31 S. C., 396; 76 S. C., 207; 108 S. C., 257; 111 S. C., 140; 107 S. C., 124. *Failure to keep crossing unobstructed sufficient to raise issue of willfulness:* 52 S. C., 323; 58 S. C., 70; 76 S. C., 368; 64 S. C., 552; 83 S. C., 354; 87 S. C., 328; 93 S. C., 551; 90 S. C., 263; 106 S. C., 323; 91 S. C., 548; 101 S. C., 8.

*Messrs. M. C. Woods* and *George E. Dargan,* for defendants, cite: *Exceptions too general to be considered:* 110 S. C., 282; 91 S. C., 228; 116 S. C., 159; 111 S. C., 279; 123 S. C., 360. *Duty of traveler at railroad crossing:* 94 S. C., 143; 98 S. C., 492; 106 S. C., 123; 110 S. C., 331. *Harmless error not ground for reversal:* 119

S. C., 42; 118 S. C., 203; 118 S. C., 413; 71 S. C., 446; 72 S. C., 487; 73 S. C., 571.

April 8, 1924.

The opinion of the Court was delivered by Mr. Justice Watts.

The agreed "Case" states:

This action was commenced by H. R. Phillips, plaintiff, against Seaboard Air Line Railway Company, defendant, in the Court of Common Pleas for Marion County on August 17, 1921, to recover actual and punitive damages for alleged personal injury.  In due time the defendant answered and the case came on for trial at the Fall, 1922, term of the Court of Common Pleas for Marion County.  At the close of the testimony, the defendant made a motion for a directed verdict as to punitive damages, and also for a directed verdict generally on the grounds hereinafter set forth in the record.  The presiding Judge granted the motion as to punitive damages, but refused to direct a verdict generally, and submitted the question of actual damages to the jury.  The jury, having been charged by the Court, rendered a verdict for the plaintiff for $250.00.  Within due time both parties to the cause gave notice of intention to appeal to the Supreme Court, and the cause now comes to this Court on exceptions by both parties."

At the hearing before this Court the attorney for the defendant respondent announced that he withdrew and abandoned the exceptions made by the Seaboard Air Line Railway Company.

. The exceptions of plaintiff appellant, eight in number, complain of error on the part of his Honor in directing a verdict as to punitive damages; in his charge to the jury; and in his construction of the contract between the railroad company and the telegraph company.

These exceptions are sustained.  There was ample evidence to go to the jury as to punitive damages.  The contract between railway and telegraph com-

pany was unknown to the jublic, not being of record in the proper office, and also the railway is not permitted to farm out to another its plain duty to keep its crossing clear and unobstructed for the use of the public where a public road crosses the railroad; this is a nonassignable duty on the part of the railroad. In addition there was ample proof sufficient to submit to the jury whether there was not an unreasonable delay on the part of the railroad in removing a dangerous obstruction where the public road crossed the railroad, and this issue should have been submitted to the jury for their determination as to whether punitive damages should be awarded.

The exceptions are sustained and a new trial granted.

MESSTS. JUSTICES FRASER, COTHRAN and MARION concur.

MR. CHIEF JUSTICE GARY did not participate.