## ATLANTIC COAST LINE R. CO. v. HOLLOWELL et al.

(Circuit Court of Appeals, Fourth Circuit. November 15, 1924.)

No. 2280.

I. Carriers ⬙71—Identity of marketable commodity immaterial in passing on rights and obligations arising out of mistake in delivery.

In passing on legal rights and obligations arising out of mistakes in delivery of a standardized commodity and their rectification, justice required that no attention be paid to identity.

**2. Carriers ☞71—Tender to carrier in repayment for cotton delivered by mistake of equal quantity of cotton of same grade held good.**

Where plaintiff carrier delivered cotton to defendants through mistake, and defendants before knowledge of the mistake used the cotton in their business, a tender of an equal number of bales of cotton of the same weight and grade *held* to discharge their obligation.

**3. Carriers ☞71—What is proper rectification of mistake in delivery, stated.**

Where defendants, on discovering that cotton had been delivered to them by plaintiff carrier by mistake, promptly offered to pay its market price at time of delivery or to return an equal quantity of the same grade, which offer was not accepted within a reasonable time, they had the right at their election to return the cotton.

In Error to the District Court of the United States for the Eastern District of South Carolina, at Charleston; Ernest F. Cochran, Judge.

Action at law by the Atlantic Coast Line Railroad Company against R. L. Hollowell and Joseph Walker, partners as Hollowell & Walker. Judgment adverse to plaintiff, and it brings error. Affirmed.

Douglas McKay, of Columbia, S. C., for plaintiff in error.

William Campbell McLain, of Columbia, S. C. (Elliott & McLain and Nelson & Mullins, all of Columbia, S. C., on the brief), for defendants in error.

Before WOODS, WADDILL, and ROSE, Circuit Judges.

WOODS, Circuit Judge. On or about March 12, 1920, the Atlantic Coast Line Railway Company, plaintiff in error, also plaintiff in the court below, delivered 24 bales of cotton to defendants, at Columbia, S. C., which should have been delivered to A. J. Salinas at Augusta, Ga. Defendants dealt in cotton and were expecting a shipment of 26 bales from Elloree, S. C., the point of origin of the shipment delivered to them. The day after the delivery of the cotton, the defendants, upon ascertaining that they had no invoice for 24 bales marked as those delivered were marked, set aside 24 bales of equal weight and grade. On March 25th, at the request of defendants, the warehouse company which received the cotton for the defendants notified the plaintiff that the defendants' waybill called for 26 bales with certain marks, and that the car contained 24 bales marked differently. Defendants never received an invoice covering the 24 bales, but disposed of them. Within two weeks after notice by the warehouse company to plaintiff, defendants communicated with the railroad agent, offering to return 24 bales of cotton of the same weight and grade as those delivered to them by mistake of the railroad company, or to pay for the cotton the market price at Columbia on the date of delivery. Plaintiff replied that it would look into the matter, but did nothing further until the 28th of June, two months later. On that date plaintiff demanded payment for the value of the misdelivered cotton on the basis of the price demanded by Salinas, the real consignee, at 43 cents per pound, $4,421.73. This was more than the value of the cotton when delivered to defendants. Defendants again offered to settle at the market price on the day it was delivered to them, or to return the same quantity of cotton of same weight and grade which they had set aside. On September 11th defendants requested plaintiff to advise if claim had been withdrawn, and plaintiff answered on September 14th that the matter was still in the hands of the freight claim agent and that it could give no definite information concerning the claim. In October, plaintiff paid to Salinas, to whom the shipment should have gone, $4,267.06, on an amended claim, for the value of the cotton at Augusta the day it should have been delivered. On November 8th, defendants sent to plaintiff warehouse receipt covering the 24 bales set aside, which receipt was returned by plaintiff.

During the period from June to November, 1920, the price of cotton had declined greatly. Plaintiff contended it was entitled to judgment for the value of the 24 bales of cotton at Augusta at the time it should have been delivered, or at least to the value of the cotton at Columbia on the date of delivery to defendants. Defendants took the position that plaintiff was entitled only to the 24 bales of the same weight and grade which defendants had set aside. The controversy was submitted to the court below for determination without a jury upon the pleadings and the exhibits set forth in the transcript. The District Judge sustained defendants' contention and gave judgment for the plaintiff against the defendants for the cotton which had been set aside in 1920, and provided that plaintiff must pay such storage and insurance expenses as had accrued.

[1] In modern systems of grading and classification, the identity of grain, cotton, wool, and other standardized products is usually of no consequence. A thousand bushels of a certain grade of wheat from an elevator are the same in all substantial respects as any other thousand bushels of

the same grade. Twenty-four bales of cotton of certain weight and standard grade are the same in every business sense as any other twenty-four bales of the same weight and grade. In passing on legal rights and obligations, especially in cases of mistakes in delivery and their rectification, justice requires that no attention be paid to identity. Williston on Contracts, § 159; 24 R. C. L. § 291.

[2] The mistake in delivery to defendants of cotton belonging to Salinas was primarily that of the plaintiff. No negligence is attributed to defendants in discovering and advising the plaintiff of the mistake and offering to correct it. Under these circumstances, it cannot be doubted tender back of the identical cotton would have been all that the plaintiff could have demanded. Furthermore, since the defendants, misled by the mistake of the plaintiff, had carried the identical cotton delivered to them into their business and so could not return it, they could then discharge their obligation by doing the exact equivalent—tender the same quantity of the same grade, and upon the refusal of the plaintiff, keep the tender good by setting the cotton aside subject to the plaintiff's order. This conclusion is strengthened by the consideration that the action of the defendants was a compliance with the plaintiff's own trade custom.

[3] Again, the defendants were entitled to prompt notice from the plaintiff whether it would elect to take the value of the cotton at the time defendants received it or take the cotton back. The plaintiff not having expressed its election within a reasonable time, we think the right of election went over to the defendants to pay the value or hold the cotton subject to the plaintiff's order. Franklin Sugar Refining Co. v. Egerton (C. C. A.) 288 F. 698; McNitt v. Clark, 7 Johns. (N. Y.) 465. This was the election the defendants made, and we think the plaintiff is bound by it.

Affirmed.