13344

FOSTER v. TATE (2 cases)

(162 S. E., 456)

*Mr. B. F. Martin,* for appellant,

*Mr. J. R. Martin,* for respondents,

February 16, 1932.

The opinion of the Court was delivered by Mr. Chief Justice Blease.

These two actions were tried together on Circuit, and were so heard in this Court. They grew out of a collision between an automobile owned and driven by C. W. Foster, son of the plaintiff, Carrie Foster, and brother of plaintiff, Neta Foster, and a truck owned by the defendant, being operated by one of his employees, and in which the defendant at the time was riding.

The plaintiff, Carrie Foster, sued to recover for expenses incurred by her in the treatment of her infant daughter, the plaintiff, Neta Foster, on account of injuries received in the collision and for loss of her daughter's services.

The plaintiff, Neta Foster, by her guardian *ad litem,* sued to recover damages for personal injuries resulting to her from the collision.

Except when necessary to set out other matter, the complaints are practically identical, and allege the usual acts of negligence and recklessness, namely, operation of the truck at a reckless rate of speed under the circumstances, failure to maintain proper outlook, without having the machine under control, failing to give proper signals, running contrary to the law of the road, and failing to stop the truck after the driver saw coming the automobile in which the plaintiff, Neta, was riding.

Without setting up any counterclaim, or alleging contributory negligence on the part of the driver of the automobile or either of the plaintiffs, the defendant defended on the

ground that the driver of the automobile colliding with the truck was negligent and reckless in about the same particulars the plaintiff charged on the part of the defendant's truck driver.

As it generally happens in motor vehicle collision cases, there was sufficient evidence on the part of the plaintiffs and the defendant to carry the cases to the jury, since each side produced evidence to show negligence on the part of the other side.

The trial before Judge Wilson, in the Court of Common Pleas for Greenville County, resulted in a verdict and judgment in favor of each plaintiff against the defendant for actual damages. From that result, the defendant has appealed to this Court.

The record contains 11 exceptions. The one Numbered 6 was not argued in appellant's brief and was abandoned. The other 10 exceptions really are only 4. They are not numbered properly, being set out "1" and "1-A," "2" and "2-A," "3" and "3-A," "4," and "4-A," and "5" and "5-A." In each instance, as shown by the numbering, the exception is simply repeated, a practice which should not be indulged in, for it requires the Court to read and re-read the same matter. Exceptions 3 and 3-A, 4 and 4-A, all refer to one sentence contained in the charge. We shall refer only to the exceptions indicated by the figures alone. What we shall say of them will take care of the "A" exceptions.

The 1st exception complains that the Circuit Judge committed prejudicial error in refusing to charge appellant's sixth request, reading as follows:

"Section 585 of the Criminal Code provides:

" 'Every motor vehicle while in use on a public highway shall be provided with  *  *  *  a suitable bell, horn, or other signal;'

"The statute does not provide the places where it should be used; the common law controls that, and it is a question for the jury, first, as to whether it would be negligence not

to give a signal, and, second, whether the plaintiff had shown that to be the proximate cause of the injury."

About the conclusion of the Judge's charge, when he had failed to charge appellant's sixth request, counsel for the appellant asked about that request, and the Court replied to the effect that he had already told the jury as to the law on that subject, and had read them the statute. The record shows that, in his charge, the Judge did read the statute referred to, and we think he sufficiently covered the law on that matter. If there was any particular feature not mentioned in the charge, which the appellant desired to have specifically charged, his counsel should have called the attention of the Judge thereto.

The second exception alleges error on the part of the Court in charging respondents' second request, which was as follows: "The Statutory Law of the State of South Carolina requires when vehicles meet that each turn to the right. To violate this is negligence *per se,* and if that neglect is the proximate cause of the injury, plaintiff would be entitled to recover for actual damages."

The objection to the charge is based on the fact that the language of the statute says that the traveler "shall keep entirely on the right of the center of the road," and that he is not required to "turn to the right."

In delivering his charge, the trial Judge read the statute referred to by the appellant, and commented at length upon the duty of travelers to observe that statute. When the jury were instructed that it is the duty of the driver of an automobile "to turn to the right" in meeting another vehicle, he was properly construing the language of the statute that a driver should "keep entirely on the right of the center * * * so as not to obstruct the passage of any other person," etc.

In the third and fourth exceptions, complaint is made that there was error in the charge as to proximate cause. The particular language complained of was contained in a re-

quest submitted by the respondents, as follows: "Proximate cause has been defined by our Supreme Court as the last negligent act which contributes to an injury, and without which it would not have resulted."

In the argument, appellant's counsel contends that the charge was prejudicial because of two errors contained therein. We quote from his argument: "In the first place, it is not enough that the negligence or other wrong 'contribute' to the injury, but it must produce same; and in the second place, it must be a negligent act of 'omission' as well as commission; in other words an 'omission' as well as an 'act.' This definition is inadequate and not correct; it omits essential elements, as shown by the correct definition of 'proximate cause' from *Miller v. Ry. Co.*, 140 S. C., 123, 167, 138 S. E., 675."

The definition given by the Court was, perhaps, as suggested by appellant, not quite full enough and not in exact accord with the definition laid down in *Miller v. Railway Co., supra.* When it is considered, however, with all the charge of the Judge, we are unable to see how the jury could in any way have been misled to the appellant's prejudice. Conceding with the appellant that the Judge should have used the word "produces" instead of the word "contributes," we think, when we read the whole sentence, there was no substantial difference as to the meaning, for the jury were distinctly instructed that the "negligent act" must have resulted in the injury. The failure to insert the words, "or omission" appears to us as a mere metaphysical distinction, entirely too technical to have confused a practical jury.

In his fifth exception, the appellant admits that the trial Judge properly charged the principles applicable to the doctrine of "imputed negligence," as requested by the respondents, but he claims that the law there charged had no application to the case, and was confusing and misleading to the jury, for the reason that the undisputed evidence showed that the injured person, the infant girl, Neta, and the driver

of the automobile, in which she was riding, were engaged in a common enterprise. We are absolutely unable to agree with this position of the appellant, for there was evidence in the case to show that the respondent, Neta Foster, although a sister of the driver of the automobile, had no control, or right of control, over the driver of the machine, and, moreover, the answer of the appellant did not allege contributory negligence on the part of the driver of that vehicle.

It is the judgment of this Court that all the exceptions be overruled, and the Judgments below in both cases be, and they are hereby, affirmed.

MESSRS. JUSTICES STABLER, CARTER and BONHAM and MR. W. H. TOWNSEND, Circuit Judge, Acting Associate Justice, concur.

MR. JUSTICE COTHRAN did not participate on account of illness.